**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-81293-CIV-Altman/Brannon**

**STEPHEN ARPAIA,**

    *Plaintiff,*

v.

**FOOTE, MIELKE, CHAVEZ & O'NEIL, LLP,**

    *Defendant.*

_____/

**DEFENDANT'S MOTION TO DISMISS**
**PURSUANT TO FED. R. CIV. P. 12(b)(6)**

NOW COMES Defendant FOOTE MIELKE CHAVEZ & O'NEILL, LLC incorrectly sued as FOOTE MIELKE CHAVEZ & O'NEILL, LLP, by and through the undersigned attorneys, as for its Motion to Dismiss pursuant to Rule 12(b)(6), and states as follows:

**BACKGROUND**

On June 26, 2020 Plaintiff Stephen Arpaia ("Arpaia") filed a two count complaint in state court alleging breach of a consulting agreement and for unjust enrichment, related to legal work performed in the class action case known as *In Re Google AdWords Litigation*, Case No. 5:08-cv-03369-EJD filed in the United States District Court, Northern District of California, San Jose Division (the "Adwords Litigation"). Plaintiff alleges he is entitled to more money from the Foote Firm, beyond the $310,000 he was paid by court appointed lead counsel at the conclusion of the aforesaid litigation. On August 10, 2020 Defendant removed the matter to this Court on the basis of diversity, 28 U.S.C. § 1332(a)(1), because it is a civil action where the matter in controversy exceeds the sum of $75,000 (exclusive of interest and costs), and it is between citizens of different States. On August 17, 2020, Defendant filed is Answer and Affirmative Defenses, including

1

improper venue based upon a forum selection clause in the Adwords Settlement Agreement. On August 25, 2020, Plaintiff filed an Amended Complaint adding two counts for an implied contract and fraud. *See* Exhibit A ("FAC"). On September 5, 2020, Defendant filed a Motion to Transfer pursuant to 28 U.S.C. 1404(a). *See* Docket Entry ("D.E.") 13.[1] Defendant now brings the instant Motion to Dismiss for failure to state claims in the FAC.

Plaintiff has filed a four count amended complaint. Count I is for breach of contract, Count II unjust enrichment, Count III for breach of implied contract and Count IV for fraud. In short, this matter is essentially a fee dispute in the Adwords litigation. Arpaia claims the Defendant owes him more money than he was paid by Court appointed class counsel in the Adwords litigation. However, in pleading his claims in "shotgun" style Plaintiff incorporates the first 89 or 92 allegations into Counts II, III, and IV which contradict the attempted cause of action he is attempting to plead. Additionally, Counts I and IV of Arpaia's Complaint fail to state a cause of action. As such, Plaintiff's FAC should be dismissed.

### I. COUNTS II, III AND IV ARE INCONSISTENT WITH PLAINTIFF'S CLAIMS OF AN EXPRESS CONTRACT IN ALLEGATIONS 1-89.

Plaintiff repeatedly refers to a written contract or agreement in ¶¶ 5, 9, 19, 21-24, 85 and 86 of his FAC. However, the existence of a written agreement is inconsistent with Plaintiff's claims for unjust enrichment, implied contract and fraud. There can be no unjust enrichment when there is an express contract between the parties. *See Moynet v. Courtois*, 8 So. 3d 377, 379 (Fla. Dist. Ct.

---

[1] As explained in the Motion to Transfer, this case is inextricably bound to and thus governed by the Adwords Settlement Agreement, which provides for exclusive jurisdiction in the Northern District of California. D.E. 13. That Settlement Agreement also provides for application of California's substantive law to any claims related to the Agreement, and accordingly Defendant believes that California law will govern this dispute. Without waiving those arguments, Defendant submits the present Motion to Dismiss based on Florida law, because California and Florida law are not different in any manner relevant to this Motion, and because Arpaia has failed to state a claim regardless of whether this case is related to the Settlement Agreement.

App. 2009); *Diamond "S" Development Corp. v. Mercantile Bank*, 989 So. 2d 696, 697 (Fla. Dist. Ct. App. 2008). Clearly, then, a complaint cannot allege an express agreement in a claim for unjust enrichment, *Poe v. Levy's Estate*, 411 So. 2d 253, 256 (Fla. Dist. Ct. App. 1982). ("allegations of an express agreement preclude, in the same count, a claim for quantum meruit."). In paragraph 98 of his unjust enrichment claim, Plaintiff incorporates all the allegations from paragraphs 1-89 which assert a written contractual agreement.

Likewise, in paragraph 108 of Count III, for breach of a contract implied in fact, Plaintiff incorporates paragraphs 1-92 which included even more allegations concerning a written agreement. See FAC¶91-92. This is improper. *Id.*; *Tobin & Tobin Ins. Agency v. Zeskind*, 315 So. 2d 518, 520 (Fla. 3d DCA 1975) ("As a general rule, an action seeking to enforce an express contract and also attempting to disavow the existence of the express contract and accomplish the same purpose under quantum meruit is not available").

The same holds true in Count IV for fraud, which in paragraph 114 incorporates all the allegations from paragraphs 1-89. In paragraphs 1-89, Arpaia claims there was an express agreement with defendant for his compensation. In Count IV, Arpaia alleges he was fraudulently induced to work on the Adwords case. A party cannot recover in fraud for alleged oral misrepresentations that are adequately covered or expressly contradicted in a later written contract. *See Englezios v. Batmasian*, 593 So. 2d 1077 (Fla. 4th DCA 1992); *Greenwald v. Food Fair Stores Corp.*, 100 So. 2d 200 (Fla. 3rd DCA 1958).

Defendant acknowledges that under Rule 8 a party may plead alternatively or hypothetically. However, Plaintiff has not pled a single allegation in the alternative. Rather, in shotgun style, Plaintiff has incorporated allegations of an express agreement which would defeat his other causes of action.

## II. PLAINTIFF HAS FAILED TO ADEQUATELY PLEAD A FRAUD CLAIM.

When pleading fraud, the plaintiff should generally identify the individuals who made the alleged misrepresentation, the time of the alleged fraud and the place of the alleged fraud.  See *Anthony Distribs., Inc. v. Miller Brewing Co.*, 904 F. Supp. 1363 (M.D.Fla.1995).  While Rule 9(b) requires particularity when pleading fraud, it must be read in conjunction with the notice pleading requirements of Rule 8, Fed. R. Civ. P.  *Durham v. Business Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir.1988).  Accordingly, parties must not only plead fraud with particularity but conform such pleadings of fraud to Rule 8.  "Allegations of date, time or place satisfy the Rule 9(b) requirement that the circumstances of the alleged fraud must be pleaded with particularity, but alternative means are also available to satisfy the rule."  *Durham v. Business Management Associates*, 847 F.2d 1505, 1512 (11th Cir.1988).  Furthermore, Rule 9(b) requires that allegations of fraud include:  (1) precisely what false or fraudulent statements were made, in what documents or oral representations, or what omissions were made; (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same; (3) the content of such statements and the manner in which they misled the Plaintiff; and (4) what the defendants obtained as a consequence of the fraud.  See *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir.1997).  Finally, a fraud claim lies for (1) misrepresentation of material fact; (2) by someone who knew or should have known of the statement's falsity; (3) with intent that the representation would induce another to rely and act on it; and (4) injury suffered in justifiable reliance on the representation.  *Fla. Evergreen Foliage v. E.I. Dupont De Nemours & Co.*, 336 F. Supp. 2d 1239, 1284 (S.D.Fla.2004), *aff'd* 470 F.3d 1036 (11th Cir.2006).

Here, Plaintiff fails to identify any time, place or date with respect to the allegations of paragraphs 118-121.  Moreover, he fails to plausibly allege that he justifiably relied on any

4

statements. Arpaia alleges reliance only in paragraph 126 of the Amended Complaint, stating that he relied on Ms. Chavez's statement that she "Talked to Bob S. [Schubert] earlier this week and…Bob S. [Schubert] understands that we need to get your time from the past (since the case started) or it would not be fair." FAC ¶¶ 124 – 126. But Arpaia fails to explain how anyone could justifiably infer from this statement that Schubert had "agreed to pay Arpaia for all his time from the past since the case was started." *Id.* ¶ 125. Plaintiff has failed to allege all the necessary elements of a fraud claim with the required specificity.

### III. PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION FOR BREACH OF CONTRACT IN COUNT I.

In order to state a claim for breach of contract under Florida law, Plaintiff must allege: "(1) a valid contract, (2) a material breach, and (3) damages," as well as Plaintiff's "performance of its obligations under the contract or a legal excuse for its nonperformance." *Bookworld Trade, Inc. v. Daughters of St. Paul, Inc.*, 532 F. Supp. 2d 1350, 1357 (M.D.Fla.2007) (internal quotation marks omitted). Nowhere does Plaintiff allege his full performance under the purported Agreement. For that matter, he fails to allege as part of the contract what his obligations were. Arpaia cannot realistically claim he was entitled to 10% of other lawyers' lodestar on a case that took nine years to litigate so long as he worked a single hour on the case.

### CONCLUSION

Arpaia's First Amended Complaint fails to state a cause of action for breach of contract and fraud, and Arpaia's claims of unjust enrichment, breach of an implied contract, and fraud are all barred by his allegations of an express contract between the parties. For the reasons explained above, Arpaia's First Amended Complaint should be dismissed.

September 8, 2020                                       Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

By: */s/ Stuart Singer*
    Stuart H. Singer
    Florida Bar No. 377325
    Pascual Oliu
    Florida Bar No. 107737
    401 East Las Olas Blvd., Suite 1200
    Fort Lauderdale, Florida 33301
    Telephone:  (954) 356-0011
    Facsimile:   (954) 356-0022
    Email: ssinger@bsfllp.com
    Email: poliu@bsfllp.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 8th day of September 2020, that a true and correct copy of the foregoing was served on all counsel of record via CM/ECF System on:

Stephen Barker, Esq.
The Law Office of Stephen Barker
901-A Clint Moore Road
Boca Raton, FL  33487
slb@stephenbarkerlaw.com

By:  */s/ Pascual Oliu*
    Pascual Oliu, Esq.
    Florida Bar No. 1077